**BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendants.**

**No. CV–85–055–GF.**

United States District Court, D. Montana, Great Falls Division.

July 31, 1985.

Benjamin Hilley, Hilley & Loring, Great Falls, Mont., Joseph E. Prekop, Harold A. Ross, Ross & Kraushaar Co., Cleveland, Ohio, for plaintiff.

Alexander Blewett, III, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The plaintiff, Brotherhood of Locomotive Engineers ("Brotherhood"), instituted the present action for declaratory and injunctive relief, to enjoin the defendant, Burlington Northern Railroad Company ("BN"), from subjecting members of the Brotherhood to urine-testing, designed to curtail the "on-duty" use of alcohol and other intoxicating substances by employees, as forbidden by a safety rule of the BN. The action follows "on the heels" of another action decided today by this court, involving the BN's utilization of dogs trained to detect the presence of drugs or controlled substances in the personal effects of "on-duty" employees. *See, Brotherhood of Locomotive Engineers v. Burlington Northern Railroad Company*, 620 F.Supp. 163

(D.Mont.1985) ("BLE I"). Both actions involve the issue of whether the BN's unilateral implementation of the procedures at issue to detect violations of the BN's safety rules prohibiting the "on-duty" possession or use of intoxicants by its employees violates the pertinent provision of the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.* The present action is before the court on motion of the BN requesting the court to enter summary judgment in its favor with respect to the claims advanced by the Brotherhood.[1]

The issue which the court must ultimately resolve is whether the BN's unilateral implementation of its mandatory urine-testing policy constitutes a change in working conditions, accomplished in violation of the notice, negotiation and mediation requirements imposed by § 2 in conjunction with § 6 of the RLA, 45 U.S.C. §§ 152 and 156. Restated, the court must decide whether the controversy regarding BN's implementation presents a "major" or "minor" dispute within the meaning of the RLA. *See, Elgin, Joliet & Eastern Railway Company v. Burley*, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1944).

In a memorandum entered in *BLE I* on this day, the court set forth its interpretation of the state of the law with respect to (1) the meaning of the term "working condition" as used in the § 2, Seventh and § 3, First (i) of the RLA, 45 U.S.C. §§ 152, Seventh and 153, First (i); and (2) the major-minor dichotomy presented in the RLA. Applying the rationale espoused in *BLE I* to the facts established in this matter, the court finds it appropriate to enter summary judgment at this juncture. In that regard, the court finds it appropriate to take judicial notice of the record in *BLE I*, especially the facts as found to exist by the court in that matter, in resolving the present motion for summary judgment. *See, Union Mechling Corp. v. United States*, 566 F.2d 722 (1977).

---

**1.** Although the BN's motion requested dismissal of the complaint for failure to state a claim, pursuant to Rule 12(b), Fed.R.Civ.P., the court treats the motion as one requesting summary judgment.

 The evidence presented in *BLE I* established the terms of the agreement extant between the Brotherhood and the BN regarding the means of detecting Rule G violations. The critical term of that agreement, found by the court in *BLE I* to have reached an implied contractual status, is the term requiring the existence of a modicum of evidence that a particular employee was operating under the influence of a prohibited substance, before a supervisor could conduct further investigation. For the identical reasons set forth in *BLE I*, the existence of that term precludes the BN from utilizing urinalyses on a random basis to detect Rule G violations. The BN's random use of urinalyses to detect violations would present a "major" dispute subject to the status quo provisions of 45 U.S.C. § 156. The subjection of an employee to a urinalyses on a random basis is not "arguably" justified by the terms of the implied agreement extant between the parties.

The complaint filed by the Brotherhood does not allege, however, that the use of urinalyses was done on a completely random basis. Rather, the complaint alleges that the BN subjects an employee to urinalysis when that employee is believed to have been involved in an operating rule violation. The question of whether the urinalyses practice is "arguably justified" by the implied agreement, regarding Rule G, found to exist between the Brotherhood and the BN in *BLE I* is not as clear cut as the question was with respect to the random use of drug detection dogs. In fact, based upon the pleadings and evidence of record in this matter, the court concludes the urinalyses practice challenged by the Brotherhood is "arguably justified" under the terms of the agreement extant between the Brotherhood and the BN.

Consequently, the court finds the present controversy to be a "minor" dispute within the meaning of the RLA. The minor nature of the dispute deprives this court of the jurisdiction necessary to grant the injunctive relief sought by the Brotherhood.

For the reasons set forth herein,

IT IS ORDERED that the defendant's motion for summary judgment be, and the same hereby is, GRANTED.